**FILED - GR**
April 26, 2010 3:42 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ald__/____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **Jenny Straub**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. |
| v. ) | |
| ) | |
| **Allied Interstate, Inc.**, ) | |
| a Minnesota corporation, and ) | |
| **LVNV Funding, LLC**, a Delaware ) | |
| limited liability company, ) | |
| ) | |
| Defendants. ) | |

**1:10-cv-409**
**Robert Holmes Bell**
**U.S. District Judge**

**Complaint**

## I.   Introduction

1.      This is an action for damages and declaratory relief, brought against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## II.   Jurisdiction

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.  Venue in this judicial district is proper because the pertinent events took place here.

## III.   Parties

3.      Plaintiff Jenny Straub, also known as Jenny Rush,  is a natural person residing in Osceola County, Michigan. Mrs. Straub is a  "consumer" and "person" as the terms are defined

and/or used in the FDCPA. Mrs. Straub is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

      4.      Defendant Allied Interstate, Inc. ("Allied") is a Minnesota corporation, with offices at 435 Ford Road, Suite 800, Minneapolis, Minnesota 55426. The registered agent for Allied in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. Allied uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Allied regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Allied is a "debt collector" as the term is defined and/or used in the FDCPA. Allied is licensed by the State of Michigan to collect delinquent consumer debts in Michigan. Allied is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC. According to PACER, Allied has been sued more than six hundred times in various United States District Courts for allegedly violating the FDCPA.

      5.      Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, believed to be doing business at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401. The registered agent for LVNV is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. LVNV uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. LVNV is a "debt collector" as the terms is defined and used in the FDCPA. LVNV is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.**    **Facts**

      6.      Mrs. Straub had a credit account (No. xxxx xxxx xxxx 8483) with J C Penny

which she used to purchase goods and/or services for personal, family and/or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

7.    The original credit later claimed that Mrs. Straub did not pay the debt in full and that the account went into default.

8.    The original creditor supposedly charged off the account in May 2007.

9.    LVNV is in the business of purchasing delinquent consumer accounts, typically paying less than ten cents on the dollar. LVNV then hires other entities to collect the accounts.

10.    LVNV claims to have purchased the delinquent J C Penny account.

11.    Apparently, LVNV, through an affiliated company named Resurgent Capital Services, LP ("Resurgent"), hired Allied to collect the alleged debt from Mrs. Straub.

12.    Mrs. Straub disputes the alleged debt.

13.    Mrs. Straub refuses to pay the alleged debt because she disagrees with the amount claimed by Allied and LVNV.

14.    In or about March or April 2010, Allied telephoned Mrs. Straub's residential telephone and a male Allied employee spoke with Mrs. Straub's husband in efforts to collect the alleged debt. In the ensuing conversation, the Allied employee made the following statements:

a)    He was a Senior Accounts Manager with Allied.

b)    Allied was attempting to collect $488.88 in connection with Mrs. Straub's J C Penny account.

c)    Derogatory information regarding the account was being reported to all three credit bureaus and was harming Mrs. Straub's credit.

3

d)   Allied was calling in an effort to settle the account because the account was about to incur additional late fees and charges.

e)   The account had been charged off by J C Penny on May 2, 2007.

f)   LVNV had hired Allied to collect the debt.

g)   Up to that time, the Allied employee had been able to stop LVNV from adding late fees and other charges to the account.

h)   If Mrs. Straub did not pay or settle the account by the following Monday, the account was going to be taken away from Allied, sent to further collection levels, and late fees and other charges would be added to the account at that time, increasing the amount owed to more than $600.00.

i)   According to its records, Allied had not yet sent anything in writing to Mrs. Straub.

j)   The only way for Mrs. Straub to cause Allied to stop telephoning Mrs. Straub to collect the debt would be for Mrs. Straub to pay the debt.

k)   Apart from paying the debt, there was nothing Mrs. Straub could do to stop Allied from telephoning Mrs. Straub to collect the debt, because collection activities to collect the debt were not going to stop unless and until the debt is paid.

Mrs. Straub's husband stated that Mrs. Straub was disputing the debt. Hearing that, the Allied employee stated "then they're gonna call you all day long."

15.   Allied and its employee falsely stated that the account was about to incur additional late fees and charges.

16.   Allied and its employee falsely stated that Allied had been able to stop LVNV

4

from adding late fees and other charges to the account while Allied attempted to collect the debt from Mrs. Straub, when in fact Allied had done no such thing, for the reason that the account had been charged off and could no longer accrue late fees or other charges.

17.    Allied and its employee falsely stated that if Mrs. Straub did not pay or settle the account by the following Monday, the account was going to be taken away from Allied, sent to further collection levels, and late fees and other charges would be added to the account at that time, increasing the amount owed to more than $600.00.

18.    Allied failed to send Mrs. Straub a timely written notice of her rights as required by the FDCPA, 15 U.S.C. § 1692g.

19.    Allied and its employee falsely stated that the only way for Mrs. Straub to cause Allied to stop telephoning Mrs. Straub to collect the debt would be for Mrs. Straub to pay the debt.

20.    Allied and its employee wrongfully threatened that because Mrs. Straub was disputing the debt to Allied and LVNV, "then they're gonna call you all day long."

21.    The acts and omissions of Allied and its employee, done in connection with efforts to collect the debt from Mrs. Straub, were done intentionally and wilfully.

22.    Allied and its employee intentionally and wilfully violated the FDCPA and MOC

23.    LVNV has derivative liability for the acts and omissions of Allied and Allied's employee.

24.    As an actual and proximate result of the acts and omissions of Allied and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an

amount to be established by jury and at trial.

**V.    Claims for Relief**

**Count 1– Fair Debt Collection Practices Act**

25.    Plaintiff incorporates the foregoing paragraphs by reference.

26.    Defendants have violated the FDCPA.  Defendants' violations of the FDCPA

include, but are not necessarily limited to, the following:

a)    Defendants violated 15 U.S.C. § 1692b;

b)    Defendants violated 15 U.S.C. § 1692c;

c)    Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural
      consequence of which was to harass, oppress and abuse plaintiff in connection
      with the collection of a debt;

d)    Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading
      representations and means in connection with the collection or attempted
      collection of a debt;

e)    Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means
      to collect or attempt to collect a debt; and

f)    Defendants violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)    Such further relief as the court deems just and proper.

6

## Count 2– Michigan Occupational Code

27.    Plaintiff incorporates the foregoing paragraphs by reference.

28.    Defendants have violated the MOC.  Defendants' violations of the MOC include, but are not necessarily limited to, the following:

a)    Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)    Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c)    Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)    Actual damages pursuant to M.C.L. § 339.916(2);

b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)    Statutory damages pursuant to M.C.L. § 339.916(2); and

d)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: April 26, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com